UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRY RUTLEDGE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-657-CCB-SJF |
| ANDREW LIAW, et al., | |
| Defendants. | |

## OPINION AND ORDER

Terry Rutledge, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (citation omitted). A claim has facial plausibility when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Rutledge is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Rutledge is an inmate in the Westville Control Unit ("WCU") who alleges that he is being denied proper medical care. It can be discerned that he has regular chronic care visits for a back problem, but he claims that since May 2024 he has developed other

symptoms that are not being addressed, including but not limited to "heart pain from an untreated overdose," "frightening symptoms of severe tremors" all over his body, and frequent diarrhea. He claims he has been seeking care for these issues from Dr. Andrew Liaw, who allegedly does nothing but write down his symptoms. He claims to have spoken multiple times with Nurse Dawn Schilling, Nurse Kristen Bryan, Nurse Chelsea Reis, Nurse Raven Jenkins, Nurse Katie Jacobs, Nurse Hudson (first name unknown), Nurse Brubaker (first name unknown), and Medical Provider Silverio Napules about these issues, but they have allegedly brushed off his concerns, spoken rudely to him, and/or blocked him from seeing the doctor.

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim for the denial of this right, a prisoner must allege (1) he had an objectively serious medical need and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

On the second prong, deliberate indifference represents a high standard. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d

2

954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. The court must "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and quotation marks omitted).

Giving Rutledge the inferences to which he is entitled at this stage, he has alleged a serious medical need in connection with alleged body tremors, heart pain, and stomach issues. On the second prong, he alleges that he has asked Dr. Liaw and the nurses for care multiple times, but they have failed to provide him any treatment and the symptoms have gotten worse. He has alleged enough to proceed further on a claim for damages against these individuals under the Eighth Amendment.[1]

He also claims to have ongoing medical concerns that are not being adequately addressed. The Warden has both the authority and the responsibility to ensure that inmates at his facility are provided medical care to address serious medical needs as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). The Warden will be added as a defendant, and Rutledge will be allowed to

---

[1] Rutledge asserts a desire to pursue a state law claim of intentional infliction of emotional distress against these individuals. (ECF 1 at 8.) Given that this claim involves the failure of defendants to treat his medical problems, it is in substance a claim for medical malpractice, notwithstanding the label he placed on it. *See Terry v. Cmty. Health Network, Inc.*, 17 N.E.3d 389, 393-94 (Ind. Ct. App. 2014). A medical malpractice claim must be submitted to a medical review panel before it can be brought in court, and there is no indication Rutledge complied with this requirement. *See* Ind. Code § 34–18–8–4. Assuming his claim is properly understood as a claim of intentional infliction of emotional distress, the court does not find that he has plausibly alleged the type of extreme and outrageous conduct that could support such a claim. *See Branham v. Celadon Trucking Servs., Inc.*, 744 N.E.2d 514, 522 (Ind. Ct. App. 2001).

3

proceed on an Eighth Amendment claim against the Warden in his official capacity for injunctive relief related to his need for medical treatment.

Rutledge asserts additional claims in his complaint against 14 correctional staff members regarding the conditions in WCU. Among other matters, he complains about the presence of roaches, a broken toilet, and a non-functioning sink. Prisoners cannot combine unrelated claims against unrelated defendants in one lawsuit. *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). As the Seventh Circuit has explained:

> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.

*George*, 507 F.3d at 607. In other words, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id.* The Seventh Circuit has urged district courts to be alert to this issue to "ensure manageable litigation" and to prevent prisoners from avoiding the provisions of the Prison Litigation Reform Act, including the filing fee and three-strike provisions. *Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021).

The court does not find Rutledge's medical claims against medical staff sufficiently related to claims against correctional staff about the conditions in his cell to proceed in the same lawsuit. The claims involve different facts, different staff members, and different events. It would be particularly unworkable to try to litigate these discrete claims together in the same lawsuit, given that Rutledge claims to have pressing

4

medical needs that must be addressed promptly. The court finds the best course is to allow Rutledge to proceed on his time-sensitive medical claims and dismiss his other claims without prejudice. If he wishes to pursue these unrelated claims, he must do so in a separate lawsuit (or lawsuits), subject to the usual constraints of the PLRA.[2]

Rutledge separately moves for a preliminary injunction related to his medical care. (ECF 3.) "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true" or "give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to

---

[2] According to Rutledge, all of the events underlying the complaint occurred in May 2024 and after. (ECF 1 at 1.) If he acts diligently, he should have sufficient time to assert these claims in a new lawsuit before the expiration of the two-year limitations period. *See Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022) (court may dismiss unrelated claims "if doing so will not prevent the plaintiff from timely refiling those claims").

5

dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must endeavor to assess the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Mandatory preliminary injunctions—"those requiring an affirmative act by the defendant"—are "cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). Additionally, in the prison context, the court's ability to grant injunctive relief is limited. "[I]njunctive relief to remedy unconstitutional prison conditions must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citation and internal quotation marks omitted); *see also Rasho v. Jeffreys*, 22 F.4th 703, 711-13 (7th Cir. 2022) (outlining strict limitations on granting injunctive relief in correctional setting). The court also must consider the Supreme Court's admonition that "[p]rison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

Rutledge's motion is light on detail, but read with his complaint it can be understood as asserting that he needs immediate medical attention for body tremors,

stomach issues, and heart pain. It is evident from his filings that he is under the regular care of a doctor for other conditions, and at present, the court only has his version of events about his symptoms. It is difficult to determine on this limited record whether he has a likelihood of success in proving that he has a serious medical need, or that medical staff are exhibiting deliberate indifference to that need. His own subjective assessment of his medical needs or disagreement with his providers does not establish an Eighth Amendment violation. *Lockett v. Bonson*, 937 F.3d 1016, 1024 (7th Cir. 2019). In light of the deference owed to prison medical providers and the limitations on granting injunctive relief in the correctional setting, the court will order the Warden to respond before taking further action on Rutledge's motion for a preliminary injunction.

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Dr. Andrew Liaw, Nurse Dawn Schilling, Nurse Kristen Bryan, Nurse Chelsea Reis, Nurse Raven Jenkins, Nurse Katie Jacobs, Nurse Hudson (first name unknown), Nurse Brubaker (first name unknown), and Medical Provider Silverio Napules in their personal capacity for money damages for deliberate indifference to his medical needs in violation of the Eighth Amendment;

(2) **DIRECTS** the clerk to add the Warden of Westville Correctional Facility as a defendant;

(3) **GRANTS** the plaintiff leave to proceed against the Warden of Westville Correctional Facility in his official capacity for injunctive relief related to his ongoing

need for medical treatment for body tremors, stomach problems, and heart pain as required by the Eighth Amendment;

(4) **DISMISSES WITHOUT PREJUDICE** the plaintiff's claims against Tracy Cornett, Mr. Lewis, Mr. Cornett, Ms. Mankey, Ms. Deam, Ms. Ross, Ms. Aire, S. Andrade, Officer Wakefield, Officer Sumner, Mr. Garcia, Mr. Rojo, Mr. Orr, Mr. Rourke, Ms. Robinson, and Officer Crouch as unrelated;

(5) **DISMISSES** all other claims;

(6) **DIRECTS** the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Warden of Westville Correctional Facility by email to the Indiana Department of Correction with a copy of this order, the complaint (ECF 1), and the motion for a preliminary injunction (ECF 3) pursuant to 28 U.S.C. § 1915(d);

(7) **DIRECTS** the clerk to fax or email a copy of the same documents to the Warden of Westville Correctional Facility at Westville Correctional Facility;

(8) **DIRECTS** the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Andrew Liaw, Nurse Dawn Schilling, Nurse Kristen Bryan, Nurse Chelsea Reis, Nurse Raven Jenkins, Nurse Katie Jacobs, Nurse Hudson (first name unknown), Nurse Brubaker (first name unknown), and Medical Provider Silverio Napules at Centurion Health and to send them a copy of this order and the complaint (ECF 1) pursuant to 28 U.S.C. § 1915(d);

(9) **ORDERS** the Indiana Department of Correction and Centurion Health to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available;

(10) **ORDERS** the Warden to file and serve a response to the plaintiff's motion for a preliminary injunction no later than **September 12, 2025**, with supporting documentation and declarations from staff as necessary, addressing the plaintiff's current medical needs and the steps being taken to address those needs; and

(11) **ORDERS** the Warden, Dr. Andrew Liaw, Nurse Dawn Schilling, Nurse Kristen Bryan, Nurse Chelsea Reis, Nurse Raven Jenkins, Nurse Katie Jacobs, Nurse Hudson (first name unknown), Nurse Brubaker (first name unknown), and Medical Provider Silverio Napules to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 1, 2025.

                                                      /s/*Cristal C. Brisco*
                                                      CRISTAL C. BRISCO, JUDGE
                                                      UNITED STATES DISTRICT COURT